Dykman. J.
This is an action of claim.and delivery of personal property having for its object the recovery of 250 glass mineral water siphons, with the name of H. Segelke, the plaintiff, stamped upon the metal heads thereof.
The cause was commenced and tried in a court of a justice of the peace, where a judgment was rendered against the plaintiff, and it was subsequently tried on appeal in the county court of Queen’s county, where the complaint was dismissed at the close of the plaintiff’s testimony.
In this complaint the plaintiff states that he is the owner of the property, that' it is wrongfully detained by the defendant, and that the alleged cause of the detention was that the defendant claimed have purchased the same from some person or persons unknown to the plaintiff.
All this is denied by a general denial of each and every allegation in the complaint contained, and the answer sets up no other defense.
Upon the trial of the cause the plaintiff testified that he caused his siphons to be manufactured with his name and place stamped upon them, and that none others were manufactured by that name. That he saw the defendant and asked him if he had any of his siphons and he said yes, he had plenty of them. Then he said: “I told him I wanted them, they belonged to me; I had bought them and they were my property, and he said I could not get them unless I sent him some others.” He also testified that he never sold any of the siphons wearing his name.
The brother of the plaintiff testified that he counted the bottles of the defendant and that the 250 siphons were the property of the plaintiff; that he demanded them of the defendant and he did not give them up.
In none of these conversations did the defendant advance any claim to the property in any way.
When plaintiff had rested his case he had made a plain case for the recovery of his property, upon which a verdict should have been directed in his favor.
Instead of pursuing that course, however, when the plaintiff rested the defendant’s counsel moved to dismiss the complaint upon the grounds:
*684 First. That the plaintiff had shown no cause of action, and, Second. That it appeared from all the testimony that there was no priority of contract in any shape or form between the defendant and the alleged owner, and the motion was granted and the plaintiff excepted.
The decision to dismiss was plainly erroneous and the judgment should be reversed and a new trial granted in the county court, with costs to abide the event.
Barnard, P. J., and Pratt, J., concur.